IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STATE OF GEORGIA,<br><br>                Plaintiff,<br><br>v.<br><br>CHRISTOPHER R. CABANE,<br><br>                Defendant. | CIVIL ACTION FILE<br><br>NO. 1:15-cv-2908-WSD |

## ORDER AND FINAL REPORT AND RECOMMENDATION

This case is before the Court on Defendant Christopher R. Cabane's application for leave to proceed in forma pauperis ("IFP") on his notice of removal from the Superior Court of Newton County. (Doc. 1). Cabane has not completed the form accompanying his IFP affidavit. However, as he alleges that he is homeless and awaiting disability insurance payment, I will find that he meets the financial requirements for IFP status and **GRANT** his request to proceed IFP pursuant to 28 U.S.C. § 1915(a).

This Court, however, does not have jurisdiction over the action. Cabane is attempting to remove to this Court a criminal accusation for driving under the influence, obstruction of an officer, and traffic violations filed against him in state

court. (Doc. 1-1 at 18-20). The criminal accusation was filed sometime in the "January Term 2015" and a guilty plea dated February 19, 2015, is attached. (Id.).

The procedure for removing a criminal prosecution is governed by 28 U.S.C. § 1455. That statute requires that a notice of removal of a criminal prosecution be filed before trial and no later than 30 days following arraignment. 28 U.S.C. § 1455(b)(1). As Cabane's criminal proceeding has already been resolved via a guilty plea, removal is improper. To the extent that Cabane wishes to challenge his prosecution via collateral attack or separate complaint, removal is not the proper avenue. Accordingly, I **RECOMMEND** that the case be summarily **REMANDED** to the Superior Court of Newton County pursuant to 28 U.S.C. § 1455(b)(4).

IT IS SO ORDERED and RECOMMENDED this 27th day of October, 2015.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE